Morris E. Spector, J.
Petitioner moves to stay arbitration. The demand was served by respondent union on behalf of members now employed by the petitioner, but formerly employed by a wholesaler, now out of business. Those employees were integrated into petitioner’s personnel, pursuant to section 4 of petitioner’s agreement with the union and relating to employees in the industry who have been severed from their employment. They now claim to be entitled to certain benefits under the agreement between the petitioner and respondent now superseded by the presently existing agreement, which benefits were not paid or given by their former employer. Respondent relies on that provision of the December 27, 1956 agreement reading: “ If a dispute should arise whether a wholesaler or news company is an independent contractor, such dispute, if not satisfactorily adjusted, shall be submitted to the Joint Standing Committee and/or Appeals Board, but in no event shall a wholesaler or an owner of a news company be deemed an independent contractor if he delivers only one newspaper, though he may be delivering magazines as well, and such persons shall be deemed an employee of the Publisher publishing the particular newspaper, subject to all of the terms and conditions hereof, present practices excepted, however. ’ ’
The exclusionary provision applies here. Several resorts to relief initiated on behalf of the employees prior to the demand for arbitration establish a contrary ‘ ‘ present practice ’ ’. The employees sought relief by claim and arbitration against their former employer as an independent contractor in respect of their services. The bookkeeping, financial and tax practices of the employer indicate that it was an independent contractor and that the employees were in its employ. The employer was a member of another association and as such member was under separate contract with the defendant union and pursuant to such contract several arbitrations were conducted and concluded. There is no arbitrable dispute. It is curious that respondent should urge that the employment was with petitioner’s member, since its former employer was in fact an agent employed by the member, and at the same time seek an award of severance pay.
The motion is granted. Settle order,